Crystal Spring P. H. & C. Co. et al. v. Becklenberg, 198 Ill. App. 49.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 671*—*when extension of time for filing bond not warranted.* Where the time within which an appeal bond is to be filed is fixed by statute, the requirement is mandatory and jurisdictional, and the court from which the appeal is taken cannot extend the time.

2. APPEAL AND ERROR, § 671*—*when time for filing appeal bond may be extended.* Where a statute requires the court allowing an appeal to fix the time for filing the appeal bond in its order allowing the appeal, the court may, before the expiration of the time so fixed, extend the time for filing.

3. APPEAL AND ERROR, § 1112*—*when motion to dismiss for failure to file bond unnecessary.* Where an appeal bond is not filed in the time fixed by the court by an extension or otherwise, under a statute requiring the court to fix the time of filing, the appeal must be dismissed and no motion is necessary, the requirement being mandatory and jurisdictional.

---

## Crystal Spring Percheron Horse & Cattle Company and M. C. Blanchett, Plaintiffs in Error, v. Fred Becklenberg, Defendant in Error.

### Gen. No. 21,786.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 14, 1916.

### Statement of the Case.

Action by Crystal Spring Percheron Horse & Cattle Company, a corporation, and M. C. Blanchett, plaintiffs, against Fred Becklenberg, defendant.

To reverse a judgment of *nil capiat* entered on a verdict instructed by the trial judge, on the motion of defendant, at the conclusion of so much of plaintiffs' case

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
        Vol. CXCVIII 4

as the trial judge admitted in proof, plaintiffs prosecute this writ of error.

The cause of action rests in a contract between the parties for the exchange of certain properties in Chicago and North Dakota. Plaintiffs seek to recover damages for breach of the contract by defendant, by terms of which contract defendant was to convey a flat building which he claimed to own in Chicago to plaintiffs, and as compensation therefor plaintiffs were to convey to defendant certain ranch property in North Dakota with cattle, farm machinery, etc., thereon.

Plaintiffs and defendant, within the time as extended for the performance of the contract and on November 6, 1913, furnished each other with abstracts of title to their respective properties. The abstract furnished by defendant showed title in him November 4, 1913, to the Chicago property which he had agreed by the contract to convey to plaintiffs, subject to certain incumbrances. Plaintiffs likewise tendered deeds, etc., running to defendant, of their property to the holder of the contract in escrow at his office in Chicago, that being the place appointed in the contract for the passing of the papers and the completion of the transaction. What plaintiffs did in this regard they contend constituted a performance by them of their contract obligations so far as the attitude and conduct of defendant made performance possible.

On November 22, 1913, defendant conveyed to one Frank C. Rothje by warranty deed the property which he had contracted to convey to plaintiffs, which deed was thereafter and on November 24, 1913, filed for record and duly recorded in the recorder's office of Cook county. Thereupon plaintiffs, without any other demand being made, commenced this action for damages claimed to have been sustained by them on account of defendant's breaching his contract with them, upon the theory that as defendant had put it out of his power by the conveyance to Rothje to carry out his

part of the contract, the law gave them a right of immediate action for damages and absolved them from further performance of the contract (which performance, but for defendant's dereliction, would have been incumbent upon them). On the theory that plaintiffs were not absolved from doing all those things that the contract provided they should do, notwithstanding defendant had by his deed to Rothje put it out of his power to convey to them the Chicago property as contracted, the trial judge rejected, on the objections of defendant, all the material evidence offered by plaintiffs to establish their claim for damages.

BRUNDAGE, LANDON & HOLT, for plaintiffs in error.

EDWARD H. MORRIS and SONNENSCHEIN, BERKSON & FISHELL, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 272*—*what sufficient to constitute rescission.* Where one of the parties to a contract for the exchange of realty conveys the property which he had contracted to exchange to a third person, such conveyance may be treated by the other party as a rescission, although the latter has not yet performed all the things which it would have been required to perform, had such conveyance not been made.

2. CONTRACTS, § 272*—*when bringing of action sufficient to show contract treated as rescinded.* Where one of the parties to a contract for the exchange of realty brings an action against the other to recover damages for a breach of the contract after a conveyance by such other to a third person of the property he had agreed to exchange, the bringing of such is equivalent to treating the contract as rescinded.

3. DAMAGES, § 65*—*what proper measure on breach of contract to exchange realty.* In an action to recover damages for breach of a contract to exchange realty, the measure of damages is the difference between the value of the property agreed to be conveyed by plaintiff to defendant and that which defendant agreed to convey to plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.